[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14191
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00023-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BERMUDEZ-TAPIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 16, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

David Bermudez-Tapia, having pleaded guilty to illegal reentry into the

United States in violation of 8 U.S.C. § 1326(a) and (b)(2), appeals his sentence of

42 months' imprisonment.  Although the district court varied downward and imposed a sentence four months below the low end of the applicable guideline range, Bermudez-Tapia argues his sentence is substantively unreasonable.  Upon review,[1] we reject Bermudez-Tapia's contention and affirm his sentence.

Bermudez-Tapia has failed to demonstrate any "clear error of judgment" that would warrant a determination that the district court abused its discretion.  *United States v. Irey*, 612 F.3d 1160, 1166 (11th Cir. 2010) (en banc).  That Bermudez-Tapia's sentence did not exceed the guideline range and in fact fell below it is an indication that his sentence was reasonable, *see United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008), as is the fact that his sentence fell well below the statutory maximum, *see United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Bermudez-Tapia urges us to question the weight the district court assigned to his sole prior conviction, but such a determination falls within the district court's discretion, and we will not substitute our own judgment for that of the district court.  *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  The record demonstrates that the district court carefully considered the circumstances of Bermudez-Tapia's offense and Bermudez-Tapia's own characteristics, including his youth at the time of his prior conviction.  There is no indication the district

---

[1] We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party challenging a sentence bears the burden to establish that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

2

court made a clear error of judgment in fashioning Bermudez-Tapia's sentence.

Accordingly, we have no basis on which to find the sentence substantively

unreasonable.  *See Irey*, 612 F.3d at 1166.

**AFFIRMED.**